

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# Tio v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tio v. Atty Gen USA" (2008). *2008 Decisions.* Paper 889.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/889

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3549

_____

MINE HUI TIO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A79-324-966)
Immigration Judge:  Rosalind K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2008
Before: BARRY, SMITH and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 7, 2008)

_____

OPINION

_____

PER CURIAM

    Mine Hui Tio, a.k.a. David Andreas, an ethnically Chinese native and citizen of

Indonesia, entered the United States in 1999.  In 2001, the Government charged him as

removable for overstaying his visa.  Tio conceded the charge but sought asylum,

withholding, and protection under the Convention Against Torture ("CAT").

Tio based his claims for relief from removal on his experiences as an ethnically Chinese Christian in Indonesia. Specifically, as a child in the 1950s and 1960s, he felt discriminated against and hated because of his ethnicity and religion. When he was in junior high school, native Indonesian teenagers three years his senior assaulted him and stole his wallet and watch. Tio could not attend government-run schools, so he attended Chinese schools until 1966, when the Indonesian government closed them. Also around that time, officials came to his house and forbade the practice of Chinese traditions and the use of the Chinese language. Despite being a native-born citizen, Tio felt very unwelcome in Indonesia because of the government's actions.

Tio took up his parents' livelihood in 1969. Running the family store in 1994, he was confronted by six native Indonesians armed with knives and stones. They forced him to turn over the day's receipts, approximately $1500. After that incident, Tio moved to another city to work in sales for his brother. However, one day when he was riding his motorcycle in 1995, two motorcyclists forced him to the side of the road and robbed him at knife-point of his money, watch, and bike. Also, on Christmas Day in 1996, four people approached him when he walking to church, called out epithets, and yelled that he should not be worshiping Jesus. Lastly, Tio witnessed the 1998 riots; although people attacked his car during them, he was able to drive away unharmed. In support of his claims about the dangers he would face if removed to Indonesia, Tio submitted the 2004 Department of State Human Rights Practices and Religious Freedom Reports.

The Immigration Judge ("IJ") concluded that Tio was ineligible for asylum

because his application was untimely filed. The IJ denied Tio's request for withholding and CAT relief. The IJ determined that Tio had not suffered past persecution on account of his religion or ethnicity (or any other protected ground) or established that he would suffer future persecution or face torture if removed to Indonesia. In a short order, the Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision and dismissed Tio's appeal from the IJ's decision. Tio presents a petition for review of the BIA's order.

We have jurisdiction over Tio's petition pursuant to 8 U.S.C. § 1252(a). Our review of the BIA and IJ's decisions, see Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004), is limited to the issues relating to the denial of withholding of removal.[1] We review questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2001). We review factual findings for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).

We will deny Tio's petition for review because he is not entitled to withholding of

---

[1] Not only are we statutorily precluded from reviewing the determination that the asylum application was untimely, see Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006), but also Tio did not raise the timeliness issue before the BIA or in his brief before us. In both fora, Tio's focus is on his claim that he suffered past persecution in Indonesia (in this appeal, he argues more specifically that he is entitled to asylum and withholding, but he does not mention CAT relief). The BIA did state that it was affirming the IJ's "alternative denial" of the asylum claim for Tio's failure to meet his burden of proof. However, we read this to mean merely that the BIA agreed with the IJ's conclusion that "even if . . . the application had been timely filed, the Court would find that [Tio] had failed to establish his eligibility for the relief of asylum." R. 58. In any event, our ultimate holding that Tio did not show past persecution would preclude success on the asylum claim.

3

removal. Despite his arguments to the contrary, Tio failed to prove that he suffered past persecution. In part, he described discrimination on the basis of his ethnicity and religion. Such discrimination may be morally reprehensible, but it is not persecution. See Chen v. Ashcroft, 381 F.3d 221, 233 n.20 (3d Cir. 2004) (noting that courts routinely deny immigration relief to persons "who suffer racial discrimination that falls short of 'persecution'"). Tio also experienced disturbing attacks; however, the attacks were isolated criminal acts that do not rise to the level of persecution. Cf. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that "two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution"). Tio himself conceded that two of the attacks were "random robberies." R. 80.

Furthermore, Tio was not entitled to relief based his claim that he would face future persecution because of a practice or pattern of persecution against ethnic Chinese Christians in Indonesia. Ethnically Chinese (Christian or otherwise) citizens in Indonesia do face violence at the hands of their fellow citizens and suffer indignities, including discrimination. However, the record does not show that the treatment of ethnic Chinese Christians in Indonesia is the result of government action or acquiescence, or that it constitutes a pattern or practice of persecution. Cf. Lie, 396 F.3d at 537-38; Sukwanputra, 434 F.3d at 637 n. 10.

In sum, Tio did not show past persecution or a clear probability that he would be persecuted in Indonesia on account of a protected ground. See Zubeda v. Ashcroft, 333

4

F.3d 463, 469 (3d Cir. 2003); 8 C.F.R. § 208.16(b). Accordingly, he was not entitled to withholding of removal. We will deny the petition for review.